IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHUCK ZORNES and <br> NANETTE ZORNES, <br>     Plaintiffs, <br>   v. <br> DANNY McKEE, PAM McKEE, <br> MARTIN BUILDERS, INC., and <br> THE CITY OF ASHLAND, MISSOURI, <br>     Defendants. | Case No. 08-4033-CV-C-NKL |

**ORDER**

In this removal action, Plaintiffs Chuck and Nanette Zornes (the "Zornes") are suing Defendant the City of Ashland ("Ashland") for violations of their civil rights under 42 U.S.C. § 1983 in connection with the purchase of a house. Specifically, the Zornes allege that Ashland had actual knowledge that the soil underneath their house was unstable, yet the City permitted Defendants Danny and Pam McKee to proceed with construction of the house, in violation of the City's building codes. Ashland asserts that the Zornes' complaint fails to state a claim for relief, and moves for a judgment on the pleadings [Doc. # 4] under Federal Rule of Civil Procedure 12(c). The Court now grants Ashland's motion.

**I.    Facts**[1]

---

[1]At this stage, the Court accepts Plaintiffs' facts as true, making all reasonable inferences from the pleadings in favor of Plaintiffs. *See Elnashar v. U.S. Dep't of Justice*, 446 F.3d 792, 794 (8th Cir. 2006). A judgment on the pleadings should be granted only if the moving party has clearly established that no material issue of fact remains and the moving party is entitled to

1

On March 11, 2005, Defendants Danny and Pam McKee sold the Zornes a new house located in Ashland, Missouri. The house, however, was built upon a former creek bed, resulting in unstable soil. Eventually, the unstable soil caused the home's foundation to settle, creating numerous cracks in the driveway, garage, several interior floors, and in some walls. These cracks developed within months of the Zornes moving into the home and caused surface water invasion.

Count VI of Plaintiffs' complaint states:

> 32. At all times relevant herein, Defendant, The City of Ashland, Missouri provided building code inspections and code enforcement services for the protection of Plaintiffs and those similarly situated.
>
> 33. Defendant The City of Ashland, Missouri's inspectors, City Administrators, and City Council had actual knowledge of the unstable soil problem and the City Administrator demanded that Defendants McKee get a soil test before installing the foundation.
>
> 34. Defendant The City of Ashland, Missouri, acting through its City Administrator and City Council, then acted with deliberate indifference in permitting Defendant McKee to proceed with construction of the house purchased by Plaintiff upon such unstable soils.
>
> 35. As a direct and proximate result of said deliberate indifference on the part of The City of Ashland, Missouri, Plaintiffs have been damaged in that the fair market value of the house is greatly decreased as a result of said violation.
>
> 36. Plaintiffs are entitled to recover such damages under 42 USC 1983.

**II. Discussion**

Under Eighth Circuit law, "[t]o state a cognizable claim under § 1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *See Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997). However, Plaintiffs' complaint does not invoke their

---

judgment as a matter of law. *See id*. at 794.

constitutional rights or allege any violation of the Constitution or federal law by Ashland. *See id.* ("Nowhere in the complaint does Walker invoke his constitutional rights or allege any violation of the Constitution or federal law; he alleges only a claim for negligence."). Thus, Plaintiffs' claim fails because they have not alleged a violation of a constitutional right. To the extent that Plaintiffs' § 1983 claim against Ashland is based on negligence, it must also be dismissed. *See Lund v. Hennepin County*, 427 F.3d 1123, 1126 (8th Cir. 2005) ("It is well settled under our precedents that establishing a violation of due process as a basis for municipal liability under § 1983 requires plaintiff to show more than mere negligence or unreasonableness; a plaintiff must point to conduct by the municipality, or by employees acting with its knowledge, that shocks the conscience given the totality of the circumstances.").

Plaintiffs' response to the current motion is not persuasive. Plaintiffs cite *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), for the proposition "that liability may be imposed on a policy of deliberate inaction . . . ." Sugg. in Opp. at 2. But as Plaintiffs admit, even *Harris* first requires Plaintiffs to show they possessed a constitutional right which was deprived. *See id.*; *see also Harris*, 489 U.S. at 388 n. 7 ("But the more common rule is that a city must exhibit 'deliberate indifference' toward the constitutional rights of persons in its domain before a § 1983 action for 'failure to train' is permissible."). Like their complaint, Plaintiffs' response does not indicate which constitutional right they claim Ashland violated. Instead, Plaintiffs appear to have skipped this step altogether, arguing that because Ashland was deliberately indifferent toward enforcement of its building code, then it violated amorphous constitutional rights. "Deliberate indifference" is only a standard, *see Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004) ("Under a deliberate indifference standard, plaintiffs must show state actors engaged in conscious shocking behavior."); it does not explain

3

exactly *which* claimed constitutional right was violated. Without stating the constitutional violation, Plaintiffs are unable to make the required showing of causation. *See Harris*, 489 U.S. at 385 ("Thus, our first inquiry in any case alleging municipal liability under § 1983 is the question of where there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").[2] Other than stating Count VI is a § 1983 claim, the Court cannot discern what constitutional right Plaintiffs allege was violated.

However, even assuming Plaintiffs brought a due process claim, they still cannot prevail as a matter of law. The only indication this *might* be a due process claim is the complaint's use of the phrase "deliberate indifference." "For conduct to amount to deliberate indifference, the state actor must have subjectively understood his actions as creating a substantial risk of a constitutional depravation." *Skokos v. Rhoades*, 440 F.3d 957, 962 (8th Cir. 2006). Ashland cites, and the Court finds persuasive, the case of *Rymer v. Douglas County*, 764 F.2d 796 (11th Cir. 1985), which upheld the district court's dismissal for failure to state a claim. In *Rymer*, plaintiffs alleged that the defendant improperly issued a "building permit under circumstances where the [defendant] either

---

[2] Plaintiffs also argue that *Norton v. McKeon*, 444 F. Supp. 384 (E.D. Pa. 1977), is on point because the plaintiff alleged that the mayor and police commissioner repeatedly failed to enforce state laws and police department regulations pertaining to the use of force. However, the Court notes that *Norton* is at least partially based on the assumption that negligence can support a § 1983 claim, which is not true in this Circuit. *See* 444 F. Supp. at 387 ("I respectfully disagree and reaffirm my holding in Santiago that negligence is sufficient to support a claim under § 1983 and that no showing of intent is necessary . . . ."). Moreover, in *Norton* the plaintiff alleged due process violations under the Fourteenth Amendment, which the Zornes have not. *See id*. Finally, *Norton* in part based its holding on the fact that the defendants failed to enforce the laws, which created "an atmosphere of lawlessness," and that defendants had a duty of care to respond "in some positive way to known patterns of illegal activity by the police department . . . ." *Id*. In the present case, Plaintiffs have not alleged a pattern or practice by Ashland of ignoring the law; Plaintiffs only claim that in this single instance Ashland failed to follow its building code.

4

knew or should have known that the land in question could not accommodate the septic tank system," in violation of their substantive due process rights. *Id*. at 801. In affirming the district court, the Eleventh Circuit agreed with *Hull v. City of Duncanville*, 678 F.2d 582 (5th Cir. 1982), where the plaintiff alleged "that a municipality's either intentional or negligent nonenforcement of the municipal ordinance that resulted in the injury of a child at a train crossing was not 'sufficiently egregious as to be constitutionally tortious.'" *Rymer*, 764 F.2d at 802.

Similarly, the Zorens cannot show that Ashland's alleged abuse of governmental power sufficiently rises to the level of a constitutional violation. *See id*. at 803. First, stating a substantive due process claim is not enough; plaintiffs must allege that they possess a right arising under the Fourteenth Amendment, which the Zorens have not done. *See Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006) (stating first prong of substantive due process analysis is whether plaintiff possessed constitutional right). Secondly, Plaintiffs have not alleged a pattern or policy of nonenforcement by Ashland; instead, this is only one case. And even this one case is somewhat mitigated by the fact that Ashland requested that the McKees do a soil test before proceeding. Thus, considering the totality of the circumstances, it simply cannot be said that, given the facts of this case as stated in Plaintiffs' complaint, Ashland's actions "shock the conscience." *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) ("To prevail on [a substantive due precess] claim, the plaintiff must generally show the defendant acted with deliberate indifference to a constitutional right in a manner that shocks the conscience.").[3] Allowing a contractor to build a house on unstable

---

[3]Plaintiffs attempt to distinguish *Rymer* by explaining that in this case they allege Ashland *knew* the soil was unstable, whereas in *Rymer* the plaintiffs alleged that defendants *knew or should have known* the land was unsuitable for a septic tank system. Thus, Plaintiffs claim that was a negligence case. While it is true that part of it was negligence, the *Rymer* court also analyzed defendants' actions under substantive due process, holding that the defendants'

5

soil, after requesting the contractor to test the soil, simply is not sufficiently serious enough to pose a substantial risk of serious harm; therefore, it does not meet the difficult deliberate indifference standard. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999); *see also Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989) (holding that to meet burden under § 1983, plaintiff must show government action is "truly irrational" and "something more than . . . arbitrary, capricious, or in violation of state law."); *Saba v. City of Farmington*, No. 05-2000, 2006 WL 897153, at *2 (E.D. Mo. Mar. 31, 2006) ("The Eighth Circuit Court of Appeals rejected a substantive due process claim where city officials allegedly enforced an invalid zoning ordinance, on the grounds that even a bad-faith violation would not be sufficient to sustain a substantive due process claim." (citing *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1004 (8th Cir. 1992))). Finally, unlike the plaintiffs in *Rymer*, Plaintiffs did not even have an interest in the property at the time Ashland allowed the McKees to build on the property.

Next, to the extent Plaintiffs are asserting a procedural due process argument, "mere violation of a state law or rule does not constitute a federal due process violation." *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993). As the Eighth Circuit has explained:

> The simple specification of a particular procedure does not create a Fourteenth Amendment liberty interest. . . . State laws and regulations create a protectable liberty interest only when they (1) "place substantive limitations on the exercise of official discretion;" and (2) contain "'explicit mandatory language'" comprising

---

actions were not "sufficiently egregious to be constitutionally tortious," a standard similar to the Eighth Circuit's "shocks the conscience" test. *See Rymer*, 764 F.2d at 801-03. This standard is different than the negligence standard. *See Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) ("Deliberate indifference requires 'more than mere negligence,' but does not require acting 'for the very purpose of causing harm or with knowledge that harm will result.'"). As a result, for substantive due process purposes, it is immaterial that Plaintiffs alleged that Ashland had actual knowledge rather than constructive knowledge; it only matters whether Ashland was deliberately indifferent to a constitutional right in a manner that shocks the conscience.

6

> "'specific directives to the decision maker that if the regulations' substantive predicate acts are present, a particular outcome must follow.'"

*Id.* (citations omitted). In the present case, Plaintiffs did not directly respond to Ashland's suggestion that they are without standing to bring a procedural due process claim, due to the fact that at the time Ashland allowed the house to be built, the owners were the McKees, not the Zorens. The Zorens do not have standing to vindicate any alleged denial of the McKees' procedural due process rights. *See Warth v. Seldin*, 422 U.S. 490, 494 (1975) ("Second, even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The actions (or inaction) by Ashland, by Plaintiffs' own complaint, occurred prior to their purchase of the home. As a result, there is no procedure that could have been afforded them and they have no standing to bring a procedural due process challenge.

The fact is, no matter how Plaintiffs phrase it, Ashland's failures, if any, constitute negligence at best. Thus, Plaintiffs have failed to state a claim for relief against Ashland, and Count VI must be dismissed.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant The City of Ashland, Missouri's Motion for Judgment on the Pleadings [Doc. # 4] is GRANTED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   April 29, 2008

Jefferson City, Missouri