IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CHUCK ZORNES and | ) | |
| NANETTE ZORNES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 08-4033-CV-C-NKL |
| v. | ) | |
| | ) | |
| DANNY McKEE, PAM McKEE, MARTIN | ) | |
| BUILDERS, INC., and THE CITY OF | ) | |
| ASHLAND, MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

In this removal action, Plaintiffs Chuck and Nanette Zornes (the "Zornes") are suing

Defendant City of Ashland ("Ashland") for violations of their civil rights under 42 U.S.C.

§ 1983 in connection with the purchase of a house. The Zornes allege that Ashland had

actual knowledge that the soil underneath their house was unstable, yet permitted Defendants

Danny and Pam McKee to proceed with construction of the house, in violation of the City's

building codes.

On April 29, 2008, the Court granted Ashland's Motion for Judgment on the

Pleadings. *See Zornes v. McKee*, No. 08-4033-CV-C-NKL, 2008 WL 1925009 (W.D. Mo.

Apr. 28, 2008). That order addressed the Zornes' original Complaint - specifically, the

Zornes' purported claim under 42 U.S.C. § 1983 against Ashland. The Court granted that

motion because the Zornes' § 1983 allegations did not invoke their constitutional rights or

1

allege any violation of the Constitution or federal law by Ashland. *See id.* On September 9, 2008, the Court granted Plaintiff's Motion to File Second Amended Complaint, re-filing their § 1983 claim against Ashland with certain additional allegations. Ashland asserts that the Zornes' Amended Complaint still fails to state a claim for relief, and moves for judgment on the pleadings [Doc. # 35] under Federal Rule of Civil Procedure 12(c). The Court grants Ashland's motion and dismisses the remainder of this case for lack of subject matter jurisdiction.

## I.    Facts[1]

On March 11, 2005, Defendants Danny and Pam McKee sold the Zornes a new house located in Ashland, Missouri. The house was built upon a former creek bed, resulting in unstable soil. Eventually the unstable soil caused the house's foundation to settle, creating numerous cracks in the driveway, garage, several interior floors, and in some walls. These cracks, which developed within months of the Zornes' taking possession of the house, caused surface water invasion.

Count VI of Plaintiffs' Amended Complaint ("complaint") states:

> 32. At all times relevant herein, Defendant, The City of Ashland, Missouri provided building code inspections and code enforcement services for the protection of Plaintiffs and those similarly situated.

> 33. The Defendants McKee are and were known as general contractors to City of Ashland officials, and Plaintiffs are and were in a class of

---

[1] The Court accepts Plaintiffs' facts as true, making all reasonable inferences from the pleadings in their favor. *See Elnashar v. U.S. Dep't of Justice*, 446 F.3d 792, 794 (8th Cir. 2006).

foreseeable plaintiffs because it was foreseeable and expected that the Defendants McKee would sell the house following construction, rather than reside therein.

34. Plaintiffs have a property interest in the house and the lot which they purchased from the Defendants McKee.

35. Defendant The City of Ashland, Missouri's inspectors, City Administrators, and City Council had actual knowledge of the unstable soil problem and the City Administrator demanded that Defendants McKee get a soil test before installing the foundation.

36. Defendants McKee failed or refused to obtain the soil test and continued construction of the house despite the testing demand, and the City Administrator and City Council permitted such construction to continue by failing to cancel the Defendants' McKee building permit.

37. The aforesaid actions and inactions of the City Administrator and City Council of the City of Ashland, Missouri, constituted the official custom and policies of The City of Ashland, Missouri in regard to nonenforcement of its building code in connection with the house purchased by Plaintiffs.

38. Defendant The City of Ashland, Missouri, acting through its City Administrator and City Council, acted with deliberate indifference in failing to enforce its building code and permitting Defendant McKee to proceed with construction of the house purchased by Plaintiff upon such unstable soils.

39. As a direct result thereof, Plaintiffs will be unable to obtain a certificate of occupancy, and accordingly it will be difficult if not impossible for Plaintiffs to sell their house in the future.

40. Defendant The City of Ashland's failure to enforce its building codes was arbitrary, capricious and indeed irrational in violation of Plaintiffs' Substantive Due Process rights made applicable through the Fourteenth Amendment.

41. In the alternative, Defendant The City of Ashland's failure to enforce its building codes constituted a taking of Plaintiffs' property rights under the Taking Clause made applicable by the Fourteenth Amendment.

42. Plaintiffs have no post-deprivation remedies as alleged and admitted by Defendant The City of Ashland in the underlying State Court case due to the doctrine of Sovereign Immunity, and accordingly, its knowing failure to enforce its building codes without providing actual or constructive notice by recording notice thereof to Plaintiffs and others similarly situated constituted a violation of Plaintiffs' Procedural Due Process rights made applicable by the Fourteenth Amendment.

43. As a direct and proximate result of said deliberate indifference on the part of The City of Ashland, Missouri, Plaintiffs have been damaged in that the fair market value of the house is greatly decreased as a result of said violation.

44. Plaintiffs are entitled to recover such damages under 42 USC 1983.

## II. Discussion

### A. Ashland's Motion for Judgment on the Pleadings

When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the non-movant. *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (citing *Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6). *See Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[O]nce a claim has been stated adequately,

4

it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

Under Eighth Circuit law, "[t]o state a cognizable claim under § 1983, a plaintiff's complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution of the United States." *See Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997). The Zornes' allege that Ashland's conduct violated: their substantive due process rights under the Fourteenth Amendment; their procedural due process rights under the Fourteenth Amendment; and their right to just compensation under the takings clause of the Fifth and Fourteenth Amendments.

### 1. Plaintiffs' Substantive Due Process Claim

To state a substantive due process claim, the Zornes must possess a right arising under the Fourteenth Amendment, and Ashland's conduct must have deprived the Zornes of that right through action that was "truly irrational . . . something more than . . . arbitrary, capricious, or in violation of state law." *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006) (quoting *Klein v. McGowan*, 198 F.3d 705, 710 (8th Cir. 1999) (internal quotation omitted)). Thus, to survive the pending motion to dismiss, the Zornes must show that Ashland's conduct was sufficiently "arbitrary" and "conscience-shocking" to be constitutionally tortious. *Id.* at 824–825 (internal citation omitted).

In *Rymer v. Douglas County*, 764 F.2d 796 (11th Cir. 1985), the Eleventh Circuit Court of Appeals upheld a district court's dismissal for failure to state a claim on facts similar to those here. In *Rymer*, plaintiffs alleged that the defendant had improperly issued

5

a "building permit under circumstances where the [defendant] either knew or should have known that the land in question could not accommodate the septic tank system," in violation of their substantive process rights. *Id.* at 801. In affirming the district court, the Eleventh Circuit agreed with *Hull v. City of Duncanville*, 678 F.2d 582 (5th Cir. 1982), where the plaintiff alleged "that a municipality's either intentional or negligent nonenforcement of the municipal ordinance that resulted in the injury of a child at a train crossing was not 'sufficiently egregious as to be constitutionally tortious.'" *Rymer*, 764 F.2d at 802.

Here, the Zornes cannot show that Ashland's alleged abuse of governmental power rises to the level of a constitutional violation. *See id.* at 803. They have not alleged action by Ashland that is "truly irrational . . . something more than . . . arbitrary, capricious, or in violation of state law." *Creson*, 435 F.3d at 824. In their Amended Complaint, the Zornes allege that "[t]he aforesaid actions and inactions of the City Administrator and City Council of the City of Ashland, Missouri, constituted the official custom and policies of The City of Ashland, Missouri in regard to nonenforcement of its building code in connection with the house purchased by Plaintiffs." However, allowing a contractor to build a house without obtaining a soil sample as required, is not deliberate indifference to any right that "shocks the conscience". *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999); *Saba v. City of Farmington*, No. 4:05CV02000-RWS, 2006 WL 897153, at *2 (E.D. Mo. Mar. 31, 2006) ("The Eighth Circuit Court of Appeals rejected a substantive due process claim where city officials allegedly enforced an invalid zoning ordinance, on the grounds that even a bad-faith violation would not be sufficient to sustain a substantive due process claim."

6

(citing *Chesterfield Dev. Corp v. City of Chesterfield*, 963 F.2d 1102, 1004 (8th Cir. 1992))).

While the City may have been negligent in failing to enforce its ordinances, negligent conduct does not satisfy the high conscience shocking threshold of a constitutional tort. "[T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *County of Sacramento v. Lewis,* 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L. Ed. 2d 1043 (1998). " [L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* at 849, 118 S.Ct. 1708.

### 2. Plaintiffs' Procedural Due Process Claim

Next, the Zornes assert that their procedural due process rights were violated. They argue that they were entitled to record "notice . . . of Defendant Ashland's election to not enforce its ordinances" and that "[w]ith such notice [they] could have protected themselves (by not purchasing that house)." As this Court stated in its earlier order, "mere violation of state law or rule does not constitute a federal due process violation." *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1993).

To state a procedural due process claim, a plaintiff must allege that it has a constitutionally protected interest, and that it was deprived of this interest without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990). Here, the Zornes allege that they had a property interest in the house, but they had no interest in the house until they

Case 2:08-cv-04033-NKL    Document 47    Filed 10/28/08    Page 7 of 10

purchased it. Ashland's actions (or inactions) all occurred prior to the Zornes' purchase of the house, and could not have deprived them of any property interest in it. Furthermore, Ashland did not violate the Zornes' procedural due process rights by allowing the McKees to build a house on land the McKees owned, and the Zornes do not have standing to vindicate any alleged denial of the McKees' procedural due process rights. *See Warth v. Seldin*, 422 U.S. 490, 492 (1975).

### 3. Plaintiffs' Takings Clause Claim

The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that private property may not "be taken for public use, without just compensation." U.S. Const. amend. V. The takings clause protects against arbitrary governmental action or regulation. *Rymer*, 764 F.2d at 801 (citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164 (1980). Where government regulation is sufficiently onerous, courts may consider the regulation to have the same effect as a physical taking of land – a "regulatory taking." *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992); *Rymer*, 764 F.2d at 800–801. To state a claim for a takings clause violation, a plaintiff must allege (1) that it possessed a property interest that may be protected by the Fifth Amendment and (2) that the challenged action constituted an illegal taking of that interest. *Asociacion De Subscripcion Conjunta Del Seguro De Responsibilidad Obligatorio v. Flores Glarza*, 484 F.3d 1, 27 (1st Cir. 2007).

In *Rymer*, plaintiffs based a Takings Clause claim on the defendant county issuing a building permit upon land it knew or should have known was unsuitable for a septic tank

8

system, which resulted in plaintiffs' inability to use the land for residential purposes. 764 F.2d at 800. The Court in that case rejected the plaintiff's claim because it found that there had been no arbitrary or confiscatory use of government power and thus no taking. *Id.* at 801. It found that the plaintiffs "own[ed] what they bought," and that the county had taken no actions to diminish or alter their rights in the property. *Id.* Here, as in *Rymer*, the Zornes own what they bought. Ashland has taken no action that would diminish the Zornes' rights in their property. Ashland's decision to allow the McKees to build a house on the property before the Zornes bought it cannot constitute a taking for which the Zornes are owed just compensation. *See Wooten v. South Carolina Coastal Council*, 510 S.E.2d 716 (S.C. 1999) (citing *Lucas*, 505 U.S. at 1024 for the proposition that there can be no taking where property was subject to the governmental regulation or restriction at issue when it was acquired).

### 4. Remaining State Law Claims

Ashland removed this matter based on the Court's original jurisdiction over the Zornes' claim under § 1983. *See* 28 U.S.C. § 1331. The Zornes' remaining claims arise under state law. While the § 1983 claim against Ashland was pending, the Court had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction over the remaining state law claims in this case, and remands this case to the Circuit Court of Boone County, Missouri.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Defendant City of Ashland's Motion for Judgment on the Pleadings is GRANTED.  It is further

ORDERED that this case is REMANDED to the Circuit Court of Boone County, Missouri.


s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge


Dated:  October 28, 2008
Jefferson City, Missouri